The opinion of the Court was delivered by
WhitNer, J.
It may be safely assumed that the interest which disqualifies a witness must be a certain legal and immediate interest in the event of the cause itself. The test is found in a narrow compass, “ whether the record in that cause will affect his interest.”
*408 The party objecting must sustain.bis exception by satisfactory evidence. It is not enough that a doubt is created, for then it is manifest the safer rule is to hear the witness.
In Bent vs. Baker, 3 Term Rep. 27, Lord Kenyon, Ch. J., presents some views, instructive and apposite at this day, and in such a case as the one under consideration. Keferring first to Lord Mansfield who had said in Walton vs. Shelley, 1 T. E. 300, that “ the old cases upon the competency of witnesses have gone upon very subtle grounds. But of late-years the courts have endeavored, as far as possible, consistent with those authorities, to let the objection go to the credit, rather than to the competency of a witness;” and to Lord Hardwick, who said in King vs. Bray, Rep. Temp. Hard. 360, “ That whenever a question of this sort arose, on which a doubt might be raised, he was always inclined to restrain it to the credit rather than to the competency of the witness, malting such observation to the jury as the nature of the case should require,” and thus fortified Lord Kenyon, felt no scruple in declaring his concurrence. If we turn to the circumstances of this case we look in vain for such facts as would have justified the rejection of the witness. Surely it cannot be said there was any evidence to establish a binding subsisting contract between the plaintiff and witness, such as would give the latter an interest in the recovery sought, much less when to the statement in the report is superadded the further fact to which the witness testified, that he had rendered a schedule, and made an assignment without any intimation of any such interest.
The precise point made in the second ground of appeal was decided in Knight vs. Knotts, 8 Eich. 35. The promissory note was in Court, and in the hand of appellant’s counsel, and if it contained anything beyond a mere promise to pay money it should have been brought; more distinctly to the view of the Judge.
The third ground was abandoned, and the fourth, very *409 little relied on, is very fully responded to by tbe evidence, tbe verdict, and tbe authorities cited in tbe brief and cases referred to in them.
Tbe motion for a new trial is dismissed.
O’Nball, Wardlaw, GIlover and Munro, JJ., concurred.

Motion dismissed.